IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARK RAYSHUN DUDLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-00619-SRB |
| ) | |
| JACKSON COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Jackson County, Missouri ("Jackson County"), Joseph Piccinini ("Piccinini"), Ryan Arnold ("Arnold"), and Gerald Snyder's ("Snyder") (collectively, the "moving Defendants") Joint Motion to Dismiss. (Doc. #5.) For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

**I. BACKGROUND**

Because this matter comes before the Court on a motion to dismiss, the following allegations in Plaintiff Mark Rayshun Dudley's ("Dudley") Petition for Damages (the "Complaint") (Doc. #1-2) are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Dudley is a resident of Jackson County, Missouri. From May 20, 2015 through June 1, 2015, Dudley was housed in the Jackson County Detention Center ("JCDC") as a pre-trial detainee. Defendant Jackson County owns and operates the JCDC. Defendant Piccinini "was at all times relevant hereinafter, the Jackson County Department of Corrections Director[.]" (Doc. #1-2, ¶ 6.) Arnold and Snyder were "at all times relevant" corrections officers at the JCDC. (Doc. #1-2, ¶¶ 7-8.) Piccinini, Arnold, and Snyder are named as Defendants in their "individual and official capacity." (Doc. #1-2, pp. 1-2.)

On May 20, 2015, the water sprinkler in Dudley's cell began to spew fire retardant material. This caused the JCDC's fire alarm system to activate. JCDC employees arrived at Dudley's cell, ordered him to lay face-down on the floor, and handcuffed him. Unidentified employees of the JCDC then began punching and kicking Dudley. The JCDC employees then removed Dudley from his cell, applied shackles to restrict his movement, and continued to beat him. Dudley allegedly suffered serious injuries as a result of this incident. Dudley also alleges that on May 20, 2015, he was placed in a restraint chair as a form of punishment.

From May 20, 2015 through June 1, 2015, the facilities in which Dudley was housed contained noticeable mold near the sink and toilets. Raw sewage also seeped into Dudley's pod through the walls. Detainees had to use towels to try and stop the spread of the sewage. Dudley complained about these conditions by filing a complaint, but did not receive a response.

From April 26, 2017 through May 5, 2017, Dudley was a post-trial detainee at JCDC. From April 28, 2017, until May 4, 2017, Dudley was held on the third floor, in Pod G. The walls on the third floor contained mold, and raw sewage seeped into the pod through the walls. Dudley complained about these conditions by filing a complaint, but did not receive a response.

On May 19, 2020, Dudley filed this lawsuit in the Circuit Court of Jackson County, Missouri. Defendants subsequently removed the case to this Court based on federal question jurisdiction. The Complaint asserts 23 separate counts, and most counts arise under 42 U.S.C. § 1983. Count VI asserts a state law claim for assault and battery against several individuals, including Arnold and Snyder. Count VIII asserts a state law claim for intentional and/or negligent infliction of emotional distress against several individuals, including Arnold and Snyder.

The moving Defendants now seek dismissal of certain claims against them under Federal Rule of Civil Procedure 12(b)(6). They argue in part that "[o]fficial capacity claims against all named Defendants should be dismissed" as redundant of the claims asserted against Jackson County, and that Counts VI and VIII should be dismissed as time-barred. (Doc. #6, pp. 4-7.) Dudley filed a response, which consents to the dismissal of some but not all claims. The moving Defendants did not file a reply brief. The parties' arguments are addressed below.

**II. LEGAL STANDARD**

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). When deciding a motion to dismiss, "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable." *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (citations and quotations omitted).

A party may also move under Rule 12(b)(6) to dismiss a claim that is barred by the applicable statute of limitations. *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004). To determine timeliness, a court must generally rely on the face of the complaint itself. *Id.* However, a court may also "consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the

3

pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations and quotations omitted).

## III. DISCUSSION

### A. Dudley's Official Capacity Claims Against Piccinini, Arnold, and Snyder are Dismissed as Redundant.

Under 42 U.S.C. § 1983, "aggrieved plaintiffs may sue a state actor for violation of their constitutional rights." *Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019). A "[p]ublic servant[] may be sued under section 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (citations and quotations omitted).

"Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quotations omitted). An official-capacity suit should thus "be treated as a suit against the entity." *Id.* at 166. As a result, "[a] suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity" and should be dismissed "as redundant of the claim against" the governmental entity. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).

Here, the moving Defendants argue that "[o]fficial capacity claims against all named defendants should be dismissed" as "redundant" because "Jackson County is also a named Defendant in Counts I-III, IX-XI, XIV-XVI, and XIX-XXI." (Doc. #6, p. 4.) However, the

4

moving Defendants then confusingly argue, without analysis, that "all claims of individuals being sued in their individual capacity should be dismissed." (Doc. #6, p. 4.)

Dudley's response "consents to the dismissal of Official Capacity claims against all individual Defendants not named Jackson County, in their Official Capacity, **but not** in their Individual Capacity." (Doc. #12, p. 2) (emphasis in original). Dudley's response explains that "based on a discussion this counsel had with [Defendants'] counsel . . . [Defendants'] counsel is asking for the Official Capacity claims that are asserted against all defendant's not named Jackson County, should be dismissed as redundant." (Doc. #12, p. 2.) Finally, Dudley's response states that "if another reading of Defendant's Motion to Dismiss regarding Official Capacity is entertained by the Court, Plaintiff's counsel requests an opportunity to further respond." (Doc. #12, p. 2.) The moving Defendants did not file a reply brief to further clarify these issues.

Consequently, based on the current record, the Court dismisses all official capacity claims against the moving Defendants in which Jackson County is also named as a Defendant. Those Counts are I-III, IX-XI, XIV-XVI, and XIX-XXI. The moving Defendants have failed to show that the individual capacity claims against them do not state a claim. As such, Dudley's individual capacity claims against them are not dismissed.

### B. Counts VI and VIII are Dismissed as Time-Barred.

In Count VI, Dudley asserts an assault and battery claim against Arnold, Snyder, and other individual Defendants. (Doc. #1-2, ¶¶ 124-133.) Count VIII asserts a claim for intentional and/or negligent infliction of emotional distress against Arnold, Snyder, and other individual Defendants. These claims are pled as state law tort claims and are not brought under § 1983.

5

The moving Defendants argue that Counts VI and VIII are barred under the applicable statute of limitations. *See* Mo. Rev. Stat. § 516.140 (providing a two-year statute of limitations for assault and battery); *K.G. v. R.T.R.*, 918 S.W.2d 795, 800 (Mo. 1996) (recognizing that Mo. Rev. Stat. § 516.140 applies to a claim for intentional infliction of emotional distress when that claim is based on a battery). Dudley's response states that he "consents to the dismissal of Counts VI [and] VIII as time barred." (Doc. #12, p. 3.) Consequently, Counts VI and VIII are dismissed in their entirety and against all Defendants.

## IV. CONCLUSION

Accordingly, Defendant Jackson County, Piccinini, Arnold, and Snyder's Joint Motion to Dismiss (Doc. #5) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as (1) Dudley's official capacity claims against Defendants Piccinini, Arnold, and Snyder in Counts I-III, IX-XI, XIV-XVI, and XIX-XXI are DISMISSED; and (2) Counts VI and VIII are DISMISSED in their entirety against all Defendants. The motion is DENIED insofar as the individual capacity claims against Defendants Piccinini, Arnold, and Snyder are not dismissed.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2020